UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Civil Action No. 20-cv-06125 (EAW)
THEODORE WILCZYNSKI,
        Plaintiff,

-against-                                                                                          ANSWER

GATES COMMUNITY CHAPEL OF
ROCHESTER d/b/a FREEDOM VILLAGE
USA and FLETCHER BROTHERS (aka
Pastor Brothers)
        Defendants.
----------------------------------------------------------X

      Defendants, by their attorneys, CARBONARO LAW, PC, herein set forth their answer to the Amended Complaint respective to each numbered paragraph thereof:

1. Requires no answer; paragraph does not state any allegations upon which any claim is based; otherwise deny;
2. Admit;
3. Admit;
4. Requires no answer; no fact upon which any claim is based is alleged;
5. Defendants lack information sufficient to admit or deny, therefore deny;
6. Lack information sufficient to admit or deny as to when Plaintiff was born or when alleged injuries occurred; questions of law are left to the sound discretion of the trial court; otherwise deny;
7. Admits except denies that Defendant Gates is currently an active corporation;
8. Deny;
9. Deny;
10. Lack information sufficient to admit or deny; therefore deny;
11. Lack information sufficient to admit or deny; therefore deny;
12. Admit, except lack information sufficient to admit or deny that the kitchen and cafeteria were located in a school building and therefore deny;
13. Deny;
14. Lack information sufficient to admit or deny; therefore deny;
15. Lack information sufficient to admit or deny; therefore deny;
16. Lack information sufficient to admit or deny; therefor deny;
17. Lack information sufficient to admit or deny; therefore deny;
18. Deny;
19. Lack information sufficient to admit or deny; therefore deny;
20. Lack information sufficient to admit or deny; therefore deny;
21. Deny;
22. Lack information sufficient to admit or deny; therefore deny;
23. Lack information sufficient to admit or deny; therefore deny;
24. Deny;

25. Lack information sufficient to admit or deny; therefore deny;
26. Lack information sufficient to admit or deny; therefore deny;
27. Lack information sufficient to admit or deny; therefore deny;
28. Lack information sufficient to admit or deny; therefore deny;
29. Lack information sufficient to admit or deny; therefore deny;
30. Lack information sufficient to admit or deny; therefore deny;
31. Lack information sufficient to admit or deny; therefore deny;
32. Lack information sufficient to admit or deny; therefore deny;
33. Lack information sufficient to admit or deny; therefore deny;
34. Lack information sufficient to admit or deny; therefore deny;
35. Lack information sufficient to admit or deny; therefore deny;
36. Lack information sufficient to admit or deny; therefore deny;
37. Defendants repeat and incorporate by reference the answer set forth above;
38. Lack information sufficient to admit or deny; therefore deny;
39. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
40. Deny;
41. Lack information sufficient to admit or deny; therefore deny;
42. Lack information sufficient to admit or deny; therefore deny;
43. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
44. Defendants repeat and incorporate by reference the answer set forth above;
45. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
46. Deny that FVU and Brothers failed to properly train staff and administration; otherwise lack information sufficient to admit or deny and therefore deny;
47. Lack information sufficient to admit or deny; therefore deny;
48. Lack information sufficient to admit or deny; therefore deny;
49. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
50. Defendants repeat and incorporate by reference the answer set forth above;
51. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
52. Deny that FVU and Brothers failed to properly supervise staff and administration; otherwise lack information sufficient to admit or deny and therefore deny;
53. Lack information sufficient to admit or deny; therefore deny;
54. Lack information sufficient to admit or deny; therefore deny;
55. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
56. Defendants repeat and incorporate by reference the answer set forth above;
57. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
58. Lack information sufficient to admit or deny; therefore deny;
59. Deny that FVU and Brothers failed to properly investigate complaints of sexual abuse; otherwise lack information sufficient to admit or deny and therefore deny;
60. Lack information sufficient to admit or deny; therefore deny;

61. Lack information sufficient to admit or deny; therefore deny;
62. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
63. Defendants repeat and incorporate by reference the answer set forth above;
64. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
65. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
66. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
67. Lack information sufficient to admit or deny; therefore deny;
68. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
69. States a proposition of law to which no answer is required and which is left to the sound discretion of the trial court; otherwise deny;
70-74. No answer required; cause of action dismissed.

## FIRST AFFIRMATIVE DEFENSE

75. The Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

76. The Plaintiff failed to commence this action within the applicable period of limitations and must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

77. The acts alleged in the Complaint consisting of negligent supervision, negligent hiring, negligent retention, negligent training and all allegations from paragraphs 37-69 were not foreseeable and must therefore be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

78. To the extent that any claim asserts liability against Defendants for acts that allegedly occurred off FUV premises, Defendants are not liable for such acts because the duty of care owed does not extend beyond the school's premises.

## FIFTH AFFIRMATIVE DEFENSE

79. Defendants had no notice of any propensity on the part of the employees named in the Complaint to commit the acts alleged therein.

80. Defendants did not know or have reason to know that the employees named in the Complaint were unfit for their jobs.

PRAYER FOR RELIEF

Based upon the foregoing, the Defendants ask that the Court dismiss all causes of action brought against Defendants together with an award of costs, disbursements, attorneys' fees and any other relief the Court deems just and proper.

Dated: New York, New York
February 22, 2022

        CARBONARO LAW, PC
        Attorneys for the Defendants
        757 Third Avenue, 20th Floor
        New York, New York 10017
        (212) 888-5200
        Fax: (212) 898-0394
        Email: joe@jcarbonarolaw.com

By: _____/s/Joseph W. Carbonaro_____

To: David Beke, Esq.
    Desimone & Associates
    745 Fifth Avenue, Suite 500
    New York, New York 10151